Filed 3/11/14  P. v. Dunn CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CALVIN COOLIDGE DUNN,<br><br>      Defendant and Appellant. | A139390<br><br>(San Francisco City and County<br>Super. Ct. No. 216108) |

On July 29, 2011, pursuant to a negotiated disposition, appellant Calvin Coolidge Dunn entered a plea of guilty to assault upon a police officer with force likely to cause great bodily injury (Pen. Code, § 245, subd. (c)),[1] and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)).  He also admitted two additional felony convictions for which he served a state prison term pursuant to section 667.5, subdivision (b).[2]  Additional charges and sentence enhancement allegations, including three "strike" priors under sections 667 and 1170.12, were dismissed.  On August 19, 2011, Dunn was sentenced to three years formal probation, with execution of a seven-year state prison term suspended, and credit for a one-year county jail term if he completed a two-year Delancy Street drug recovery program.  On Dunn's fourth admitted violation of probation, the court imposed a five-year prison sentence.  The appeal

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The court first allowed Dunn to withdraw and set aside an earlier July 26, 2011 plea agreement that included admission of the "strike" sentencing enhancements.

purports to be from "issues occurring after entry of the plea" pursuant to California Rules of Court, rule 8.304(b)(4)(A).[3]

Assigned counsel has submitted a *Wende*[4] brief, certifying that counsel has been unable to identify any issues for appellate review. Counsel has also submitted a declaration confirming that Dunn has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention. No supplemental brief has been submitted. As required, we have independently reviewed the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find sentencing error, but not to Dunn's benefit. We remand for correction.

## BACKGROUND

Since Dunn did not obtain a certificate of probable cause (§ 1237.5), there are no cognizable issues relating to his guilt, or to his plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097, 1099.) The facts underlying Dunn's convictions are therefore not relevant.

Following his initial sentencing, Dunn was denied entrance to Delancy Street and failed to contact his probation officer. On December 16, 2011, he admitted a charged probation violation. Probation was reinstated and modified to include one year in county jail to be served through the Salvation Army Recovery Program. On January 14, 2012, Dunn was arrested for possession and being under the influence of a controlled substance (Health & Saf. Code, §§ 11375, subd. (b)(2), 11550, subd. (a)). He had not been admitted to the Salvation Army's residential program because he twice refused to submit urine samples for analysis. On February 24, 2012, Dunn again admitted violating the terms of his probation. Probation was reinstated and modified, requiring that he serve a term of 12 months in county jail. Dunn was ordered to participate in the Roads to

---

[3] Dunn's pro se notice of appeal sought a certificate of probable cause to challenge the validity of his plea. His request for certificate of probable cause, however, recited that he was "appealing the sentence but not the conviction." The trial court denied the request.

[4] *People v. Wende* (1979) 25 Cal.3d 436.

2

Recovery program for six months while in custody and then serve the remaining six months in a residential treatment program.

On January 20, 2013, Dunn was once again arrested for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). On February 22, 2013, Dunn admitted the probation violation. Probation was reinstated with a waiver of 399 days custody credits under section 2900.5, and a condition that he serve an additional 90 days in county jail. Dunn was ordered to comply with any program deemed appropriate by the probation department and to participate in an individualized treatment plan.

On April 27, 2013, Dunn was once again arrested.[5] The probation department recommended that probation be revoked and sentence imposed. Dunn, represented by counsel, admitted the probation violation. On May 31, 2013, the court sentenced Dunn to the upper term of five years on the felony assault upon a police officer (§ 245, subd. (c)), and a concurrent middle term of two years on the count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), for a total prison term of five years.[6] The court ordered reinstatement of some custody credits and imposed all required fines and fees. The court did not impose any sentence for the two section 667.5 prior prison terms Dunn had previously admitted.

## DISCUSSION

First, it appears that Dunn was, at some point, under the mistaken impression that the modifications of his probation terms in the various revocation proceedings had eliminated his suspended prison sentence. No such modification was made, and the record reflects that the court disabused him of that notion at a hearing on March 8, 2013.

Next, the record does reflect an unauthorized sentence, but not in the manner that Dunn might hope. In his negotiated disposition, Dunn admitted two additional felony

---

[5] Dunn's opening brief states that he was arrested "for speeding through an intersection (Veh. Code, § 22350) resulting in a rear-end collision with two other vehicles." He neglects to mention that he was fleeing from a police officer while driving a stolen vehicle at the time of the collision.

[6] Dunn contends that this was "[c]onsistent with the originally suspended sentence." As we discuss *post*, it was not.

3

convictions for which he served a state prison term pursuant to section 667.5. The enhancement under section 667.5 is mandatory unless the additional term is stricken. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561 (*Garcia*).) The failure to either impose or strike a section 667.5 prior prison term enhancement is a jurisdictional error which may be corrected for the first time on appeal. (*Garcia*, at p. 1562.)

We would normally remand to allow the trial court to correct this error, and to exercise its discretion to either impose or strike the section 667.5, subdivision (b) prior prison term enhancements pursuant to section 1385, subdivision (a) (*Garcia, supra*, 167 Cal.App.4th at p. 1561), but our review of the record reveals a more basic problem. Dunn received a seven-year prison sentence on August 19, 2011, with *execution* of that sentence suspended. Dunn did not appeal that sentence. If a court "actually imposes sentence but suspends its *execution*, and the defendant does not challenge the sentence on appeal, but instead commences a probation period reflecting acceptance of that sentence, then the court lacks the power, at the precommitment stage (see § 1170, subd. (d)), to reduce the imposed sentence once it revokes probation." (*People v. Howard* (1997) 16 Cal.4th 1081, 1084.) "[S]ection 1203.2, subdivision (c), recites that following the defendant's rearrest, and on revocation and termination of probation, 'if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that *the judgment shall be in full force and effect*.' (Italics added; [citation].) [¶] . . . On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations] . . . ." (*People v. Howard,* at pp. 1087–1088; see also Cal. Rules of Court, rule 4.435(b)(2) [if execution of sentence previously suspended, "the judge *must* order that the judgment previously pronounced be in full force and effect and that the defendant be committed to . . . the Department of Corrections and Rehabilitation for the term prescribed in that judgment" (italics added)].)

In fairness, the trial court may have been under the misapprehension that it had done exactly that. The clerk's minutes of the August 19, 2011 sentencing hearing

4

incorrectly recites "BREAKDOWN OF ESS; 5YRS SP ON COUNT 1 AND 2YRS SP ON PRIORS CONCURRENT." Moreover, the probation report received by the court recited the same erroneous information. Nor does it appear that the district attorney brought this discrepancy to the court's attention. But the court's oral pronouncement of sentence is quite clear that the sentence actually imposed in August 2011 was seven years: "five years on the 245(c), and it will be three years on Count 2, the 10851, and that will run concurrent. There was an admission on the two 667.5(b) priors, which add two years, for a total of seven years."[7] "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The original sentence recited by the court was also consistent with the terms of the negotiated disposition placed on the record and the total seven-year suspended term was reiterated to Dunn in open court on March 8, 2013.

## DISPOSITION

The matter is remanded to the trial court with direction to sentence Dunn to a term of imprisonment in accordance with the terms imposed by the court on August 19, 2011.

_____

Bruiniers, J.

We concur:

_____

Jones, P. J.

_____

Simons, J.

---

[7] The May 31, 2013 sentence also deviated from the original suspended sentence in imposing a two-year concurrent term for auto theft.